IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TERESA BROUSSARD, Individually and
on behalf of John Doe; and JOHN DOE                                                PLAINTIFFS

v.                                   No. 2:10-CV-02106

WALDRON SCHOOL DISTRICT; JAMES
FLOYD, individually and in his official
capacity as Superintendent; ALICE
McCONNELL, Individually and in her
official capacity as Principal; GARY
CLEPPER, individually and in his official
capacity as School Resource Officer;
DAVID MAXWELL, individually and in his
official capacity as School Mental Health
Therapist; and JOEL CAMPORA,
individually and in his official capacity                                           DEFENDANTS

## O R D E R

Currently before the Court are Separate Defendants Waldron School District, James Floyd, Alice McConnell, Gary Clepper, and David Maxwell's Motion for Summary Judgment (Doc. 3) and supporting documents, Plaintiffs' Response (Doc. 12) and supporting documents, and Separate Defendants' Reply (Doc. 14); Separate Defendant Joel Campora's Motion to Dismiss (Doc. 8) and supporting documents, Plaintiffs' Response (Doc. 15), and Separate Defendant's Reply (Doc. 17). For the reasons stated herein, Separate Defendants Waldron School District, James Floyd, Alice McConnell, Gary Clepper, and David Maxwell's Motion for Summary Judgment is DENIED; Separate Defendant Gary Clepper's Motion to Dismiss is GRANTED; Plaintiff Teresa Broussard's claims, individually and on behalf of John Doe are hereby dismissed, and Plaintiff John Doe is directed to proceed with this case using his legal name, not a pseudonym.

I.   Discussion

On July 21, 2010, Plaintiffs filed this civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of the Plaintiffs' rights by the Waldron School District, its former Superintendent, James Floyd, Alice Walters, the former principal of Waldron High School, school resource officer Gary Clepper, school mental health therapist David Maxwell, and Joel Campora. Plaintiffs have named Defendants individually and in their respective official capacities. Plaintiff Teresa Broussard brings this action individually and on behalf of her son, John Doe, who was a student at Waldron High School at all times relevant to this case.

Plaintiffs allege that Defendant Campora, a wildlife officer for the Arkansas Game and Fish Commission, disrupted Doe's worship and religious expression while Doe was attending church. Specifically, they allege that Campora subjected Doe to a search at church, and that Campora took Doe into custody during the church service.

The day after the incident at church, Plaintiffs allege that Gary Clepper, the school resource officer, and David Maxwell, the school mental health therapist, met Doe when he arrived at school and took Doe into custody where he was searched and interrogated for several hours. According to the Plaintiffs, principal McConnell, the Scott County Sheriff, and a deputy sheriff were also present during the interrogation. The next day, Plaintiffs allege that Clepper again took Doe into custody where "Doe's panic escalated to a level where he became totally paranoid and unable to disengage from the trauma." (Doc. 1, ¶ 23). Plaintiffs further allege that as a result of the conduct of the Defendants, Doe had to be taken to a hospital for an examination, where he was diagnosed with a "psychotic break."

**II.     Campora's Motion to Dismiss**

Separate Defendant Campora filed a Motion to Dismiss (Doc. 8), claiming that Plaintiff Broussard lacks authority to prosecute this action on behalf of her adult son, is not the real party in interest with respect to any claims alleged on Doe's behalf, and that the Complaint has failed to state a claim against Campora upon which relief can be granted. Campora also claims that Plaintiff John Doe is not entitled to maintain anonymity or have the alleged claims prosecuted on his behalf by Plaintiff Broussard, and that the Complaint fails to state a claim against Campora upon which relief can be granted. Campora also claims that he is entitled to absolute immunity with respect to the claims asserted against him in his official capacity, and that he is entitled to qualified immunity with respect to the claims asserted against him in his individual capacity.

A complaint may be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This rule affords a defendant an opportunity to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Under this standard, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Knapp v. Hanson*, 183 F.3d 786, 788 (8th Cir. 1999) ("A motion to dismiss should be granted only if 'it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.'") In applying this standard, the court must presume all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Whitmore v. Harrington*, 204 F.3d 784, 784 (8th Cir. 2000).

Plaintiff Broussard's Complaint sets forth claims brought by a parent on behalf of her adult

son. Her son, John Doe, was born October 17, 1991, and the events in the Complaint took place after Doe's eighteenth birthday. Plaintiff Broussard also asserts that she has a fundamental right to direct the religious teaching of her son. She cites several cases in support of this assertion. The cases Broussard cites, however, all involve minor children. Ark. Code Ann. § 9-25-101(a) provides that "[a]ll persons of the age of eighteen (18) years shall be considered to have reached the age of majority and be of full age for all purposes." Rule 17 of the Federal Rules of Civil Procedure provides that "[a]n action must be prosecuted in the name of the real party in interest." The Court agrees with Campora that any claims Doe has against the Defendants in this action must be prosecuted by Doe himself, as he is the real party in interest, not Broussard.

Likewise, Broussard's individual claims against the Defendants all involve her son, Doe, and are asserted based upon a parent's fundamental right to direct religious teachings and education of their children, and to have their children attend school free of discrimination. However, the cases she cites are to no avail because they involve minor children. The remaining separate defendants, other than Campora, have adopted Campora's motion and its reasoning. (Doc. 14). The Court finds that Broussard has failed to state a claim against any of the Defendants. Accordingly, her claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    A.    § 1983 Claims against Campora

According to the facts as set forth in the record, Campora attended the same church as Doe and allegedly intervened when some church members were concerned with Doe's behavior during a church service. There is nothing in the record to indicate that Campora was acting in his official capacity, or even under "color of law" when he allegedly detained and searched Doe while at church.

To state a claim under § 1983, a plaintiff must allege a violation secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court first addresses the issue of whether Campora was acting under color of state law when he allegedly searched and detained Plaintiff Doe while he was attending church.

For a defendant in a § 1983 action to act under color of state law, the defendant must have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49. (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 49-50 (internal citations omitted). The injury complained of must have been caused by the exercise of some right or privilege created by the state, by a rule of conduct imposed by the state, or by a person for whom the state is responsible. *Parker v. Boyer*, 93 F.3d 445, 448 (8th Cir. 1996).

"It is clear that under 'color' of law means under 'pretense' of law. Thus acts of officers in the ambit of their personal pursuits are plainly excluded. Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it." *Screws v. United States*, 325 U.S. 91, 111 (1945) (plurality opinion). Absent any actual or purported relationship between a police officer's conduct and his duties as a police officer, the officer cannot be acting under color of state law. *See* 516 U.S. 987 at 987, *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996); *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3rd Cir. 1994); *Pitchell v. Callan*, 13 F.3d 545, 548-549 (2nd Cir. 1994).

In viewing the facts of this case as alleged by the Plaintiff, the Court cannot find that Plaintiff has adequately alleged that Campora was acting under color of state law when he confronted Doe at church. Although he is a state wildlife officer who is certified in law enforcement, there is no evidence that he was on duty when he was attending church, and, according to the information in the pleadings, Campora was responding to requests from parishioners who expressed concern about Doe's behavior. There are no factual allegations against Campora either in his official or individual capacity sufficient to adequately allege any constitutional violations. Accordingly, John Doe's § 1983 claims against Separate Defendant Campora are dismissed.

**B.     State Law Claim for Intentional Infliction of Emotional Distress**

John Doe also asserts a claim for intentional infliction of emotional distress under Arkansas state law. Campora argues that Doe's state law claim should be barred because he has immunity as a state officer or employee under Ark. Code Ann. § 19-10-305. The case that have applied this law to grant immunity to state employees, as cited by Campora, have concerned employees acting within the scope of their employment. As stated above, there have been no facts alleged that would indicate that Campora was acting in the scope of his employment at the time the incident at the church occurred. The Court finds, therefore, that Ark. Code Ann. § 19-10-305 does not apply. However, although Campora may not be immune from suit under Arkansas law, Plaintiff Doe has nonetheless failed to state a claim for intentional infliction of emotional distress as to Separate Defendant Campora.

Under Arkansas law, to plead an intentional infliction of emotional distress, or outrage, claim, a plaintiff must allege that:

> (1) the actor intended to inflict emotional distress or knew or should

> have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the actions of the defendant were the cause of plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Bare v. NPC Int'l, Inc.*, 2009 U.S. Dist. LEXIS 116138 at *9 (W.D. Ark. 2009) (quoting *Calvary Christian School, Inc. v. Huffstuttler*, 367 Ark. 117, 129-30 (2006)). "Merely describing the conduct as outrageous does not make it so." *Fuqua v. Flowers,* 341 Ark. 901, 907 (2000). Plaintiff alleges that Campora subjected Doe to a search while in church; kept Doe within his custody during the church service; and discussed Doe's behavior with church leaders. (Doc. 1, ¶ 20). The Court cannot find, taking all of these allegations as true, that such actions by Campora are "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *M. B. M. Co., Inc. v. Counce*, 268 Ark. 269, 280 (1980). The Court finds, therefore, that Plaintiff Doe has not alleged conduct by Campora that is sufficiently egregious to meet the requirements of outrage under Arkansas law and, as such, Plaintiff Doe's state law claim against Campora should likewise be dismissed.

    **C.**    **Anonymity**

Rule 10(a) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint must name all the parties." It is well recognized in American jurisprudence that lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties. *See Doe v. Hartz*, 52 F.Supp.2d 1027 (N.D. Iowa, 1999); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974). Generally, open access to judicial proceedings "has been thought to enhance the integrity and quality of what takes place." *Richmond Newspapers,*

*Inc. v. Virginia*, 448 U.S. 555, 578 (1980). For this reason, courts are reluctant to grant a litigant a "cloak of anonymity." *U.S. v. Doe*, 655 F.2d 920, 922 (9th Cir. 1981); *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981). A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. *Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992). The risk that a plaintiff may suffer some embarrassment is not enough. *Id.*

This case does not present the type of situation in which the need for party anonymity outweighs the presumption of openness. Accordingly, the Court finds that John Doe must proceed with this case using his legal name.

### III. Motion for Summary Judgment filed by Waldron School District, Floyd, McConnell, Clepper and Maxwell

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co., 135 F.3d 1211, 1212-13 (8th Cir. 1998) (*citing *Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983).* In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party."

*Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

In their Motion for Summary Judgment, Separate Defendants Waldron School District, Floyd, McConnell, Clepper and Maxwell maintain that that they are entitled to qualified immunity with respect to Doe's claims. To determine whether the Defendants are entitled to qualified immunity, the Court must ask (1) whether the facts alleged, construed in the light most favorable to John Doe, establish a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the alleged violation, such that a reasonable official would have known that his actions were unlawful. *See Pearson v. Callahan*, 555 U.S. 223 (1982). If the answer to either question is no, then the Defendant is entitled to qualified immunity. See *Krout v. Goemmer*, 583 F.3d 557, 564 (8th Cir. 2009).

Viewing the allegations in a the light most favorable to Doe, the Court cannot find that the facts do not establish a violation of a constitutional or statutory right. At this time, the facts before the court contain allegations that the Plaintiff was locked in a room at the school for several hours and searched without cause. If proven, the trier of fact could conclude that Doe's rights were violated. Further, the Court cannot find, based on the record currently before it, that the school officials involved did not know their actions were unlawful. Accordingly, the Court finds that the Defendants are not entitled to qualified immunity at this time, and that there are issues of material fact to be determined as to whether Doe's rights were violated by the conduct of the Defendants.

For the foregoing reasons, Separate Defendants' Motion for Summary Judgment (Doc. 3) is DENIED. Separate Defendants' Motion is denied, however, without prejudice as to their ability to refile a summary judgment motion upon further development of the record through discovery or

otherwise.

**IV.     Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED that Separate Defendant Joel Campora's Motion to Dismiss (Doc. 8) is GRANTED, and Separate Defendant Campora is DISMISSED as a party to this case.

IT IS FURTHER ORDERED that Separate Defendants' Motion for Summary Judgment (Doc. 3) is DENIED without prejudice as to Defendants' ability to refile a summary judgment upon further development of the record.

IT IS FURTHER ORDERED that Plaintiff Broussard's claims against all Defendants are dismissed in their entirety, and Plaintiff Teresa Broussard is DISMISSED as a party to this case.

IT IS FURTHER ORDERED that Plaintiff John Doe must proceed with this case using his legal name. Plaintiff John Doe is HEREBY ORDERED to file an Amended Complaint in accordance with this Order, substituting his full legal name in place of the John Doe pseudonym, on or before December 14, 2011. Plaintiff John Doe is advised that failure to comply with this Order in failing to timely file an Amended Complaint will result in immediate dismissal of his claims against all defendants.

IT IS SO ORDERED this 23rd day of November, 2011.

/s/ P. K. Holmes, III
P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE