IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOHN DOE                                                                                                    PLAINTIFFS

v.                                              No. 2:10-CV-02106

WALDRON SCHOOL DISTRICT et al                                                              DEFENDANTS

**O R D E R**

      Currently before the Court are Separate Defendants Waldron School District, James Floyd, Alice McConnell, Gary Clepper, and David Maxwell's ("Defendants") Motion to Dismiss (Doc. 20), and Plaintiffs' Response to Motion to Dismiss and incorporated Motion for Extension of Time to Comply with Order (Doc. 21). The Court notes that, under Local Rule 7.2 for the Eastern and Western Districts of Arkansas any motion for an extension of time should have been filed as a separate motion, and filed before the expiration of the time period for performance – or be accompanied by a separate brief in support. Under the Federal Rules of Civil Procedure, if a request is made before the time period to act expires, "the Court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1)(A). If a motion is made after the time for a party to act has expired, the Court may nevertheless extend the time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The issue, then, is whether Plaintiff can show that he failed to act in compliance with the Court's Order due to "excusable neglect."

      On November 23, 2011, this Court entered an Order (Doc. 19) that Plaintiff John Doe file an Amended Complaint in accordance with the Order, substituting his full legal name in place of the John Doe pseudonym, on or before December 14, 2011. The Plaintiff John Doe made no filing on or before December 14, 2011 nor was any request made for an extension of time. The Plaintiff John

Doe, through his counsel, responded on January 20, 2012 only after Defendants filed a Motion to Dismiss. Plaintiff John Doe asserts that his attorney can show excusable neglect for failing to comply with the Court's Order and that he is incapacitated for some unexplained reason.

While the Court is sympathetic to counsel's family medical situation, counsel could have communicated with the Court by the filing of a Motion for Extension of Time or otherwise put the Court on notice that additional time was needed. Counsel has been aware of the Order to file an Amended Complaint since November 23, 2011. The Court's law clerk contacted Plaintiff's counsel's office in late December about the failure to respond and inquired if Plaintiff was going to dismiss his claims. Two messages were left with counsel's assistant who alerted the Court's law clerk to counsel's family medical situation. After hearing nothing from Plaintiff's counsel, the Court's law clerk called again on January 10. Counsel indicated that she was dealing with a family medical problem, but stated that she would file a motion for an extension of time by the end of that week. Counsel still did not file any motion or response until Defendants filed their Motion to Dismiss on January 17, 2012 – over a month after Plaintiff was to have complied with the Court's Order. Counsel's failure to timely respond in any fashion is neglect, but it is not excusable neglect.

Plaintiff John Doe also claims incapacity, and states that a guardian has been appointed to handle his affairs. However, counsel has not provided the Court with sufficient information for the Court to conclude that Plaintiff John Doe's incapacity prevented him from complying with the Court's Order. The Court, therefore, DIRECTS the Plaintiff John Doe, through his guardian and counsel, to provide the Court with the details of his incapacity – to include the date of onset – and the basis for appointment of a guardian to handle his affairs. The Court will not consider the Motion for Extension of Time to Comply with Order until it has reviewed the details of Plaintiff John Doe's

incapacity and determined whether Plaintiff John Does's failure to comply with the Court's Order rises to a level of excusable neglect.  **The Plaintiff John Doe is ORDERED to provide the information on or before February 1, 2012.**  The Defendants' Motion to Dismiss will be held in abeyance until the Court has ruled on the Motion for Extension of Time to Comply with Order. However, <u>Plaintiff is hereby advised that if Plaintiff fails to timely comply with this Order, Defendants Motion to Dismiss will be granted.</u>

    IT IS SO ORDERED this 20th day of January, 2011.

                                      */s/ P. K. Holmes,* III
                                      P.K. HOLMES, III
                                      UNITED STATES DISTRICT JUDGE